May I please record, my name is Jaime Hosso, and I represent the petitioner Mr. Juan Martinez-Reyes in this matter. This case comes before the court in an unusual way, in that it is a reinstated 1996 petition for review. It addresses an adjudication of an application for relief that occurred over 14 years ago, an adjudication of an application for relief that no longer exists for immigrants placed in immigration proceedings, adjudicated by an immigration judge no longer at the bench, for an alien that's no longer in the United States. The issues before the court are threefold. The petitioner contends that this matter should be remanded back to the immigration judge for a determination of his current hardships. The last... Counsel? Yes. This is Judge Rawlinson with a question. On what basis could we remand? The remand has been an accepted... Well, there's precedent, excuse me, precedent from the Ninth Circuit, and the Board of Immigration Appeals has both recognized that precedent in Ricon-Figueroa, as well as Jare Navarrete. Both those cases deal with stale records, cases in which I believe in Ricon-Figueroa the record was only three years old, and Jare Navarrete was, I believe, as well, three years old in that case. The premise behind the remand is that this court is not able to review the hardships that have occurred and the additional equities that have occurred during the 14 years. Right. So you agree that that's all new evidence that the CIA... Absolutely. So if we were to remand, I mean, are there... The proceedings are still open, right, because there's never been a final determination by us. In terms of available relief that he could take independently of the court? Is that the court's question? Well, my question really is procedurally... Yes, Your Honor. ...there's been this 14-year delay. And then our court reinstated the appeal. Yes, Your Honor. So all of his immigration proceedings, since it was reinstated, are still open until we do something. I believe that is correct for purposes of his equities that he should be able to present to the Board of Immigration Appeals. Procedurally, he's denied the opportunity to file a motion to reopen because of the physical deportation. So had he not been physically deported from the United States, then a motion to reopen could be authorized under the regulations, both under the independent motion to reopen authority as well as sua sponte authority. Because of the physical deportation, he's deprived that right. And that led, of course, to our additional issue before the court, which is that he, in fact, had a state of deportation as a result of the 1996 Petition for Review. And despite the government's interpretation of 106D of the REAL ID Act, that state of deportation remained in effect. So you're arguing that although he was deported, he shouldn't have been deported because that was contrary to the prior order. Correct, Your Honor. The prior order... Was that in your original... Was that part of your original appeal? That was filed by way of a motion after the physical deportation of the petitioner. I filed a motion directly with the court alleging the unlawful removal or actually deportation of the petitioner and arguing that he had a state of deportation pursuant to the 1996 laws pre-IDEPA, pre-IRA, which required or provided him the benefit of a state pursuant to 1105A.A.3. And that was denied? I'm sorry? And that was denied? Yes. The motion to that motion was denied, and the basis of the order from the court indicated that because the merits can still go forward without the physical presence of the petitioner, the court continued with the case in chief. Well, I guess, again, I'm back to this. I understand, and I was going to ask you because I thought your answer would be he's deported, so he can't file his motion to reopen. But when I look at the record in front of us, while I feel very comfortable that you want to remand just to give more evidence, I've never found any case that says I ought to remand just to allow more evidence. Certainly the laws have changed with respect to the jurisdictional review since Recon Figueroa was decided in the 1980s, I believe, 84, 85. So it would be incumbent upon the court to, in the petitioner's position, to find a violation. And that was the second issue that was presented to the court, which was that the immigration judge as well as the Board of Immigration Appeals incorrectly assessed the hardships in the case pursuant to not only case law at that time but case law as it stands today. Between 1996 and 2002, there has been a change in the law, and there's been more of a clarification of the law. The Board of Immigration Appeals has determined that hardships to non-qualified relatives can be considered to the extent that they affect the hardship of the qualified relative. In this case, the government contended that the petitioner had no qualified relatives whatsoever. That's not true. Under suspension of deportation law, the hardship to the applicant himself is the qualified relative. So any hardships that have occurred to his family. But you really didn't answer my question. My question is, what case do I rely on to suggest that I remand based on evidence that's not before me? The succinct answer is that I think the court has to find a violation. So there is no case that suggests that. I've got to look at the evidence that's, frankly, in front of me at this particular point in time and say, based on this evidence and not considering any new evidence, the BIA was wrong. Yes. Was the Board's decision correct in its analysis? And what is the standard of review? Under an abuse of discretion or deference, the court would have to defer. Under an abuse of discretion. So I've got to suggest, then, that the facts in this record as it sits now cannot in any way sustain what the BIA did. The court can also review an interpretation of statutory or constitutional – excuse me, statutory law. The petitioner in this case has indicated to the court through his opening briefs that all the facts in the hardship factors were not considered. So what factors did the BIA not consider? According to the record as it stands, it appears that the Board of Immigration Appeals did not consider the prospective hardships to the petitioner in terms of the economic and educational differences between the United States and Mexico. But in effect, what this BIA decision suggests is, we see all this stuff. We see what he's arguing, but he's not going to suffer any more than ordinary difficulties faced by everyone. That's the end result of what they're saying, isn't it? That's the end result based on the factors that they consider. If they don't consider the entire set of factors that are – that allow a person to matter of Anderson, then they have abuse of discretion. They have not interpreted the law correctly, and the court has found that previously when it has decided to remand a case pursuant to the suspension of deportation laws. Counsel, let me ask you a slightly different question. You want us to remand because you want him to file a motion to reopen. If he filed a motion to reopen, what would you be asking for, a cancellation of removal? Suspension of deportation, Your Honor. Suspension – the old remedy? Yes, Your Honor. Why would you still be entitled to the old remedy? Because his applications and proceedings began before ADEPA and IHRA. He's allowed to proceed as a suspension of deportation case before the immigration charge. Now, what explains this 14-year gap that we're looking at? We're looking at the ineffective assistance of former counsel in the – his inability to perfect his opening brief, and then also, again, not before the court is his history of malpractice with the immigrant community. Have you filed anything? He's been disbarred, Your Honor. No, I understand the attorney's been disbarred, but have you filed anything that would meet the requirements of Lozado before the BIA? Lozado, of course, would – number one, would require the applicant to file a complaint with the State Bar. That he cannot comply with. But nonetheless, a motion to reopen – I'm sure that that requirement would be excused when the employer's already disbarred. Yes. I mean, that's a futile requirement. It would be futile. But nonetheless, the petitioner would still have to follow the regulations in filing a motion to reopen. Again, the regulations say you cannot file a motion to reopen by the applicant or on his behalf if he's been deported from the United States. And Lozado doesn't excuse that requirement? I'm not aware of any excuse of the regulations when the individual's already been deported. In fact, jurisdiction is lost by the board when the alien is deported from the United States.  Yes, Your Honor. The court has still retained jurisdiction under 1252D of the Real ID Act. Of the prior case. Yes, Your Honor. All right. Thank you. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Jem Sponzo on behalf of the Respondent. Your Honors, the petitioner enjoyed a full and fair hearing before the agency. He filed a petition for review of the discretionary denial of his application for suspension of deportation, and this Court dismissed that petition 1252D. It was 12 years ago when Petitioner failed to properly file his opening brief. Last year, Petitioner moved to reinstate his apparently abandoned petition for review, and that motion was granted. Petitioner was subsequently removed, and this Court has since denied his request to be returned to the United States. That's quite simply how this case has proceeded. Petitioner's 1990s, to take the stay prong perhaps first, his 1996 stay was terminated upon the issuance of this Court's mandate, after dismissing that petition for failure to prosecute. Pursuant to INA Section 242b3b, service of the petition does not stay the removal of an alien pending the Court's decision on the petition, unless the Court orders otherwise. And following the enactment of the Real ID Act, Section 106d, a petition for review filed pre-ARRERA, under former Section 106a, and pending at the time the Real ID Act is enacted, shall be treated as if it had been filed under the INA as it exists today. Thus, no stay is automatic unless Petitioner so requests and this Court so orders. This Court has not to this point. Did the Petitioner request? He did not. No stay was requested with the filing of this motion to reinstate, and this Court made no such order. Now, he's making the point that the reason there was noncompliance with our Court's rules in the petition and other papers that should have been filed weren't, was that he had ineffective assistance of counsel. And his attorney was, in fact, disbarred. How do you respond to that? If there is such a claim to be pursued, Petitioner must do so through a motion to reopen. Now, can he file a motion to reopen in the BIA? I believe he can, Your Honor. I would have to request an opportunity to provide this Court with a more comprehensive response. Let's be absolutely certain. But he's been deported. How is he going to file it? Again, Your Honor, I would have to – I apologize, but I would request an opportunity to provide a more comprehensive answer. But the proper remedy in this case is not for this Court to remand. This case must be dismissed. Right. But if we dismiss this case, would he still have that opportunity to file a motion to reopen that you're alluding to that you would like to research further? Yes, Your Honor. My short answer is yes. I apologize, but I don't have the citations. I think the other issues that we're discussing here today are, in fact, dispositive. In short – Well, we have the one case, which I think is – if we look at it on the substance of it, given those circumstances that existed then, I personally don't see how we can say that the BIA agrees with discretion on those circumstances. Correct. But then we have this odd situation, and I have to admit our Court was somewhat complicit in it, where, you know, between the incompetence of counsel, he failed to comply with our own procedural rules, we dismissed the action, and then we reinstated it. So we have this 14-year gap where there's obviously going to be new circumstances that we can't consider, possibly including the Lozado matters. Mm-hmm. So what do we do with that? Is that something that should go before the BIA first? Not in this particular case, I don't believe. Petitioner remains statutorily ineligible for the relief he sought before the Board. Although the 96 briefs address the merits, the law has, in fact, changed, and this application for suspension in the exercise of its discretion, a determination over which this Court has acknowledged it does, in fact, lack jurisdiction. No, we have jurisdiction over that, because we have jurisdiction to review the 1996 determination under 1252 and under the prior law, and that law, that remains and we can review that. We couldn't review the exercise of discretionary authority under the new law, but we can under the old law. So we do have that jurisdiction. I guess what counsel says, that we can go further, though, and remand all of this mess to the BIA and let them consider it in the first instance. The government's contention is that that's simply not appropriate and not necessary. Petitioner remains statutorily ineligible for the relief sought, and that is perhaps the end answer with respect to his application for suspension. And again, with respect to whatever may have gone on with the stay issue, this Court has not extended the automatic stay set forth in De Leon to motions to reinstate. So as this case stands, as it was reinstated in 2008, there simply was no stay in place. But I'm understanding, and maybe you can help me with the procedure, I'm understanding that the stay was in place under the former law. However, having asked for reinstatement, they didn't ask for a stay, and the law has now changed, and therefore, having not asked, we didn't grant anything. We just made the decision as to whether it should be reinstated or not. But if it had gone under the old law that was applicable in 1996, there would have been a stay in place. He wouldn't have been deported. And now I have in front of me a procedural difficulty in that. It seems to me, to raise new evidence, you ought to file a motion to reopen. But if you can't file a motion to reopen because you've been deported, and this old law, which was supposed to have stayed that deportation, was not followed, but we went under some other law, then it worries me. So how do I get out of that problem? Because I can come with, I can look at the facts as they sit, but I have a tough time procedurally and under due process, really, to have a guy lose his stay under a change of law, and then we don't do anything about it, and nobody requests it, and then he's out. That's the worry for me. So what do I do? This is certainly an outlier case and a new issue for this Court. But quite simply, because of those changes in the law, precisely because we have a pre-arrera petition for review that is still pending post-Real ID Act, without this Court ordering a stay, without Petitioner requesting a stay, which he certainly could have done in connection with the filing of his motion to re-estate. He was already deported, so what would he ask for his stay for? Not at the time he requested re-estatement. You mean two years ago he was still here? Yes. When was he deported? According to Petitioner, in October of 2008. This petition for review was reinstated in April of 2008. So perhaps there's the rub, Your Honor. The posture in which this case is before us today could have been quite different, but it isn't. And we have this very clear statement from the Real ID Act, from the INA as it exists today, that any such petition for review that remains pending must be treated as if it had been filed under the INA. Let me ask you something. Would you have any – would the government have a problem if we were to roll on the prior petition but stay the mandate so that give you time, maybe give him time to file a motion to reopen and talk about these unique circumstances and see – I mean, the relief out there that opposing counsel hasn't thought of? Certainly. As Your Honor is requesting, there are several motions that have not been filed and several steps to alleging ineffective assistance of counsel that have not been, you know, undertaken. We're always willing to work with the Court in whatever way we can find the best resolution for the case. But simply, on the record before us as we have it today, statutory – statutory ineligibility for suspension. So you would – you wouldn't – you object to a remand, but you wouldn't necessarily object to a stay of the mandate, which we also have done in the past. Again, I would request an opportunity to confer with my office and double-check. But no, I don't – I don't think that would – I think that may lead to the best outcome in the case. Thank you. Thank you very much, Your Honors. Thank you. Okay. Martinez-Reyes v. Holder is submitted.
judges: Wardlaw, Rawlinson, Smith N. R.